FILED by ___ D.C.

ELECTRONIC

**August 25, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NUMBER

LYNNE TURK, individually, As Trustee
of the Lynne Caponera Revocable Trust,
and on behalf of all others similarly situated,

**09-CV-81236-MARRA/JOHNSON**

        Plaintiff,

v.

PERSHING LLC, a Delaware limited
liability company,

        Defendant.

_____/

## PERSHING LLC'S NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that Defendant Pershing LLC ("Pershing"), by and through its

undersigned counsel, hereby removes the above-captioned action pursuant to 28 U.S.C. §§ 1332,

1441, 1446 and 1453 from the Circuit Court of the Fifteenth Judicial District for Palm Beach

County, Florida, to the United States District Court for the Southern District of Florida.[1]  This

putative class action is removable on two independent grounds:   (i) diversity jurisdiction

pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005

("CAFA"), and (ii) complete diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The specific

grounds for removal are as follows:

---

[1]  Defendant appears only for the purpose of removal and for no other purpose.  No admission of fact or liability is intended by this Notice of Removal.  By filing this Notice of Removal, Defendant does not waive, either expressly or impliedly, any right, defense, affirmative defense or motion that may be available or concede that plaintiff is entitled to any of the damages or other relief claimed in this action.

## I.    REMOVAL PREREQUISITES

1.      On July 23, 2009, Plaintiff Lynne Turk commenced this putative class action by filing a Complaint against Defendant in the Circuit Court of the Fifteenth Judicial District for Palm Beach County, Florida, captioned *Turk* v. *Pershing LLC*, Case No. 50 2009 CA 024830, purportedly on behalf of "all persons or entities resident in the State of Florida or otherwise subject to Florida law who purchased Stanford International Bank Ltd. 'certificates of deposit' (the 'CDs') during the applicable statute of limitations period." (Compl. ¶ 6.)  On behalf of this putative class, Plaintiff asserts a claim for the sale of unregistered securities in violation of Florida securities law, Florida Statutes § 517.211.  (Compl. ¶¶ 37-44.)

2.      Pershing was served with the Complaint on July 27, 2009.  Because Defendant filed this Notice of Removal within thirty days after service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

3.      The Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida, is located within the geographical boundaries of the United States District Court for the Southern District of Florida.  28 U.S.C. § 89.

4.      In accordance with 28 U.S.C. § 1446 (a), copies of all process, pleadings, orders, and other papers filed in the state court action are attached to this Notice as Composite Exhibit A.

5.      In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida.  Defendant has served all parties with a copy of this Notice of Removal.

## II.     GROUNDS FOR REMOVAL

### A.     Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

6.      This action is removable under 28 U.S.C. § 1332(d), as amended by CAFA.  A putative class action commenced after February 18, 2005 may be removed to the appropriate federal district court if (i) any member of the putative class is a citizen of a state different from any defendant (*i.e.*, minimal diversity) and (ii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs.  *See* 28 U.S.C. §§ 1332(d)(2).  These requirements are met here.

7.      CAFA is applicable to this action because it was commenced on July 23, 2009, more than four years after the February 18, 2005 effective date of CAFA.

8.      This action is a "class action" within the meaning of CAFA.  28 U.S.C. § 1332(d)(1)(B).  Plaintiff seeks to represent a putative class of "all persons or entities resident in the State of Florida or otherwise subject to Florida law who purchased Stanford International Bank Ltd. 'certificates of deposit' (the 'CDs') during the applicable statute of limitations period."  (Compl. ¶ 6.)  Plaintiff seeks to represent this putative class of persons pursuant to Florida Rule of Civil Procedure § 1.220, a "rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

9.      The requisite minimal diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A), (d)(7), and (d)(10).  To establish diversity jurisdiction under CAFA, it is sufficient that any one member of the putative class is a citizen of a state different from any one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  At the time of the commencement of this action and at the time of removal, Plaintiff Lynne Turk was and, on information and belief, is a citizen of Florida.  (Compl. ¶ 4.)  At the time of the commencement of this action and at the time of

-3-

removal, Pershing—the sole defendant in this action—was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business in New Jersey.[2] Pershing is a single-member limited liability company.  Its single member, Pershing Group LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York.  Pershing Group LLC's single member, The Bank of New York Mellon Corporation, is a Delaware corporation with its principal place of business in New York.  Because Pershing is not a citizen of Florida—Plaintiff's state of citizenship—the minimal diversity requirement of CAFA is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A), (d)(10).

10.    The matter in controversy in this action is greater than $5,000,000, exclusive of interest and costs.  Under CAFA, the matter in controversy in a putative class action is determined by aggregating the claims of all members of the putative class.  *See* 28 U.S.C. § 1332(d)(6).  Here, the Complaint alleges that "[a]t least hundreds of millions of dollars in CD purchases were made by class members through Pershing as SGC's clearing firm."  (Compl. ¶ 21.)  The Complaint seeks "(a) recessionary [sic] damages; (b) compensatory damages; (c) pre-judgment interest, [and] (d) attorneys' fees and costs."  (Compl. at 11.)  In an action for rescission under Florida Statutes § 517.211, "[a] purchaser may recover the consideration paid for the security or investment, plus interest thereon at the legal rate, less the amount of any income received by the purchaser on the security or investment upon tender of the security or investment."  FLA. STAT. § 517.211(3)(a) (2009).  As a result, accepting as true the allegations of the Complaint, the potential rescissory damages associated with the putative class's purchases of hundreds of millions of dollars in CDs is well in excess of the $5,000,000 CAFA threshold.

---

[2]   Plaintiff incorrectly states that Pershing's principal place of business is New York. (Compl. ¶ 5.)

11.     In sum, it is "readily deducible" from the Complaint that the putative class's "claims are potentially valued at more than $5,000,000" in this class action. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (remand unnecessary when jurisdictional amount "is either stated clearly on the face of the documents before the court, or readily deducible from them"). Accordingly, CAFA's amount in controversy requirement is satisfied, and removal is proper under 28 U.S.C. §§ 1332(d) and 1453.

## B.     Complete Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

12.     In the alternative, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The suit is between "citizens of different States," and the amount in controversy exceeds "$75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Therefore, this action is also removable on the basis of federal diversity jurisdiction.

13.     There is complete diversity between Plaintiff and Defendant. Complete diversity requires that no defendant be a citizen of the same state as any plaintiff. *MacGinnitie* v. *Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). In a class action, only the citizenship of the putative class representative is relevant; the citizenship of absent class members is not considered for purposes of diversity jurisdiction. *See Klempner* v. *Nw. Mut. Life Ins. Co.*, 196 F. Supp. 2d 1233, 1239 (S.D. Fla. 2001) (citing *Supreme Tribe of Ben-Hur* v. *Cauble*, 255 U.S. 356, 366-67 (1921); *Snyder* v. *Harris*, 394 U.S. 332, 340 (1969); *Triggs* v. *John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998)). At the time of the commencement of this action and at the time of removal, Plaintiff Lynne Turk—the only putative class representative—was and, on information and belief, is a citizen of Florida (Compl. ¶ 4), and Pershing—the sole named defendant—was not and is not a citizen of Florida. Complete diversity thus exists in this case.

14.     The amount in controversy exceeds the statutory threshold of $75,000, exclusive of interest or costs. Plaintiff does not specify the total amount of her claim for alleged damages

-5-

in the Complaint.  Instead, she simply asserts that she "seeks damages that exceed $15,000, exclusive of interest, attorneys' fees, and costs" (Compl. ¶ 1), the minimum jurisdictional requirement to bring a claim in circuit court.  A court, however, can—and should—look beyond the complaint in determining whether federal jurisdiction exists.  *See Lewis* v. *AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995).  In this case, Pershing business records establish that Pershing, upon receipt of a letter of authorization from Plaintiff, wired $250,000 to SIB on or about January 16, 2007.  (Aff. of Jacqueline Carew attached as Exhibit B.)  Plaintiff alleges that SIB issued the CDs at issue in this case.  (Compl. ¶ 9.)  Upon information and belief, the wire transfer of $250,000 to SIB was for the purchase of a SIB CD.  Because Plaintiff seeks rescissory damages based on her purchase of the CD—a purchase in excess of $75,000—the amount in controversy requirement is clearly satisfied.

15.    Because there is complete diversity between the named parties and the amount in controversy exceeds the jurisdictional threshold of $75,000, diversity jurisdiction also exists in this action.  Removal is therefore proper under 28 U.S.C. §§ 1332(a) and 1441(a).

*    *    *

## CONCLUSION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d). All removal prerequisites have been met. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441(a) and 1453.

Dated:    August 25, 2009

Respectfully submitted,

FOWLER WHITE BURNETT, P.A.
Attorneys for Defendant
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401
Telephone:  (561) 472-2326
Facsimile:   (561) 802-9976

By: _____
Kathy M. Klock, Esquire
Florida Bar Number 348171
kklock@fowler-white.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by facsimile and mail to James W. Beasley, Jr., Beasley Hauser Kramer Leonard & Galardi, P.A., Attorneys for Plaintiff, 505 South Flagler Drive, Suite 1500, West Palm Beach, Florida 33401, and Lesley Blackner, Esquire, Blackner, Stone & Associates, Co-Counsel for Plaintiffs, 123 Australian Avenue, Palm Beach, Florida 33480, this 25th day of August, 2009.

_____
Kathy M. Klock

-7-

# COMPOSITE EXHIBIT   A

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075 (See instructions on the reverse of the form.)

## I. CASE STYLE

LYNNE TURK, individually, as Trustee
of the Lynne Caponera Revocable Trust,
and on behalf of all others similarly situated,

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

　　　Plaintiff,

vs.

CASE NO. 50 2009 CA 02 4830 XXXX

PERSHING LLC

　　　Defendant.

　　　　　　　　　　　　　　　　　　　　　　　　/

## II.　TYPE OF CASE: (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐Contract |
| ☐ Dissolution | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage |
| ☐ Support - Non IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ URESA - Non IV-D | | ☒Other |
| ☐ Domestic Violence | | |
| ☐ Other domestic relations | | |
| | | |

## III.　Is Jury Trial Demanded in Complaint?

☒　Yes
☐　No

Date:　July 23, 2009

James W. Beasley, Jr.
Fla. Bar No. 145750
BEASLEY HAUSER KRAMER LEONARD
　& GALARDI, P.A.
505 S. Flagler Drive, Suite 1500
West Palm Beach, FL 33401
Phone:　561/835-0900
Fax:　　561/835-0939

Signature:

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.

LYNNE TURK, individually, as Trustee
of the Lynne Caponera Revocable Trust,
and on behalf of all others similarly situated,

      Plaintiffs,

vs.

PERSHING LLC, a Delaware limited
liability company,

      Defendant.

_____/

**50 2009 CA 02 4830 XXXXXB**

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this lawsuit on the below-named defendant.

      PERSHING LLC
c/o CORPORATION SERVICE COMPANY
1201 HAYS STREET, TALLAHASSEE FL 32301-2525 US

      Each defendant is required to serve written defenses to the complaint or petition on **James W. Beasley, Jr., Beasley Hauser Kramer Leonard & Galardi, P.A.,** Plaintiff's attorney, whose address is: **505 South Flagler Drive, Suite 1500, West Palm Beach, FL 33401 (561/835-0900)**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on July 23, 2009  JUL 2 3 2009

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

Sharon R. Bock
Clerk & Comptroller

By:
As Deputy Clerk
Circuit Civil Division

KRISTIN BUTLER

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous  pouvez requerir les services

immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.



LYNNE TURK, individually, as Trustee
of the Lynne Caponera Revocable Trust,
and on behalf of all others similarly situated,

**Jury Trial Demanded**

       Plaintiffs,

vs.



PERSHING LLC, a Delaware limited
liability company,

       Defendant.

_____/

## COMPLAINT
### (Class Representation)

       Plaintiff LYNNE TURK, individually, as trustee, and on behalf of all others similarly situated, sues the Defendant PERSHING LLC ("Pershing"), and alleges as follows:

### Jurisdiction and Venue

    1.    This is a class action brought pursuant to the Florida Securities and Investor Protection Act (the "Florida Act"), sections 517.07, 517.211, Florida Statutes, and Florida Rule of Civil Procedure 1.220, seeking damages that exceed $15,000, exclusive of interest, attorneys' fees, and costs. This class action does not involve a "covered class action," under the federal Securities Litigation Uniform Standards Act of 1998, and is not otherwise subject to the Act.

    2.    Jurisdiction is proper in this Court. The Defendant is licensed as a broker/dealer in the state of Florida, and has therefore consented to jurisdiction in this State. The actions complained of herein are violations of Florida's securities statutes and took place in part in Palm

Beach County, Florida.  Personal jurisdiction also exists under Florida's long arm statute.

3.      Venue is also proper in this Court.  The Defendant transacts business in Palm Beach County, Florida.  The actions giving rise to this litigation occurred in Florida, as the Plaintiffs acquired the securities at issue, and the damages to the Plaintiffs occurred, in Palm Beach County, Florida.

### Parties

4.      Plaintiff LYNNE TURK ("Turk") is a citizen and resident of Palm Beach County, Florida, and is *sui juris*.  Turk is the trustee of the Lynne Caponera Revocable Trust.  She is the sole beneficiary of the Trust and therefore the beneficial owner of the assets of the Trust.

5.      Defendant PERSHING LLC ("Pershing") is a Delaware limited liability company, with its principal place of business in New York.  Pershing is a registered broker-dealer, and it is authorized to conduct business, and does conduct business, in Florida.  According to its website, Pershing has over 70 years of experience in the financial industry, and is the largest provider of global clearing services to other firms and institutions, which include the services described in more detail below.

### Class Representation Allegations

6.      Plaintiff brings this action as a class action pursuant to Rule 1.220(a) and (b)(3) of the Florida Rules of Civil Procedure.  The definition of the Plaintiff class in this action is:  all persons or entities resident in the State of Florida or otherwise subject to Florida law who purchased Stanford International Bank Ltd. "certificates of deposit" (the "CDs") during the applicable statute of limitations period.

7.      The class meets the requirements for class certification under Rule 1.220(a) of the Florida Rules of Civil Procedure.

2

a.      Numerosity.  The class consists of at least several hundred members who are residents of Florida or are otherwise subject to Florida law.     The exact number of class members is currently unknown to the Plaintiff, and can only be ascertained through appropriate discovery; however, purchasers of the CDs may be identified from the records maintained by Pershing. This number is so numerous that joinder of all members of the class is impracticable.

b.      Commonality.  There are questions of law and fact which are common to the representative party and each member of the class including: (i) whether Stanford International Bank, Ltd. and its affiliated entities and agents engaged in an unregistered public offering of unregistered securities in violation of the Florida Act; (ii) whether Pershing was an agent of Stanford International Bank, Ltd and/or its affiliates in making, participating or aiding in the sales of unregistered securities; and (iii) whether Plaintiff and the class members are entitled to the remedy of rescission or damages.

c.      Typicality.  Plaintiff's claim is typical of each of those of the class members.  Plaintiff suffered the same type of injury as did other members of the class in that they purchased unregistered CDs in an unregistered public offering and have the right to rescind such purchase or seek damages as a result thereof.

d.      Adequacy:  Plaintiff will fairly and adequately represent and protect the interest of the class and has no interest antagonistic to those of the other class members.   Plaintiff has retained experienced counsel competent in securities litigation and class litigation.

8.      This class also meets the requirements of Rule 1.220(b)(3) of the Florida Rules of

3

Civil Procedure.  The common issues outlined herein predominate over any individual issues in this case.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy because: (1) it is economically impracticable for class members to prosecute individual actions against Pershing; (2) Plaintiffs are aware of no other litigation concerning the claims against Pershing; (3) it is desirable to concentrate these claims against Pershing in a single forum so as to avoid varying and disparate results; and (4) there is no difficulty likely to be encountered in the management of this case as a class action.

### The Stanford Ponzi Scheme and the Offer and Sale of Unregistered Securities

9.      Plaintiff purchased so-called "certificates of deposit" ("CDs") purportedly issued by Stanford International Bank, Ltd. ("SIB").  SIB purports to be a foreign private bank located in Antigua, West Indies.  Antigua is well known in the financial industry to have little to no regulation or oversight over the banks operating there, and it is notorious as a money laundering haven.

10.     The CDs were sold by and through SIB's affiliated U.S. broker dealer/investment advisors, Stanford Group Company ("SGC").  SGC is a broker/dealer and investment advisor registered with the Securities and Exchange Commission ("SEC") and the State of Florida.  SIB's and SGC's primary product was the CD.

11.     Stanford Capital Management ("SCM") is also a broker/dealer and investment advisor registered with the SEC.

12.     By the end of the year 2008, SIB and SGC had sold approximately $8 billion in CDs through their affiliated broker/dealers and brokers employed by them.  Upon information and belief, at least hundreds of millions of dollars worth of such CDs were sold in Florida or to Florida residents, including Turk.

4

13.     SIB, SGC, and SCM were at all relevant times affiliated with and controlled by R. Allen Stanford ("Stanford"). Stanford, through these affiliated entities, engaged in a massive Ponzi scheme. In carrying out this scheme, Stanford misappropriated billions of dollars in investors' funds invested in the CDs.

14.     In an effort to conceal the fraudulent conduct and maintain the flow of investor money to SIB, Stanford fabricated the performance of SIB's investment portfolio showing purported investment returns which were consistently in excess of those reported with respect to any comparable CD investment. These reported CD returns were unlikely or impossible, and bore no relationship to the performance of the SIB's actual investment results. SIB also falsified its financial statements in an effort to conceal the fraudulent conduct.

15.     The SEC has commenced an action against Stanford, his affiliates, and others concerning this Ponzi scheme.

16.     This Ponzi scheme involved the sale, through an illegal, unregistered public offering, of CDs issued by SIB and SGC to investors in the United States and specifically in Florida.

17.     The CDs are securities as defined under Section 2(1) of the federal Securities Act of 1933 (the "Securities Act") and under Section 517.021(21)(g) of the Florida Act. The CDs were not insured, nor were they subject to regulatory schemes similar to that in the United States or Florida. They were instead sold in an unregulated environment from Antigua, West Indies.

18.     The offering of CDs, conducted on a continuous basis from at least 2005 through 2008, was described in offering materials as a private placement, and SIB purportedly offered the CDs pursuant to an exemption from registration under the federal Securities Act and Florida Act.

19.     However, the offering of CDs was in fact an unregistered public offering made in

5

violation of Chapter 517 of the Florida Act.  It was an integrated offering under federal and Florida securities laws, and involved each of the following factors indicating that it was a public offering and not a private offering exempt from registration:

a.     The integrated offering involved general solicitation.  This general solicitation by SIB and its U.S. affiliates and agent brokers included general public advertisements, publicly distributed magazine articles and other communications and media published in print and distributed broadly for general distribution in the United States (including in Florida) to offerees and purchasers of the CDs. SIB has acknowledged that it employed marketing literature other than its private placement memorandum on a regular basis.

b.     The integrated offering involved general solicitation through television advertisements, including advertisements broadcast in Florida, of the Stanford financial products, including CDs.

c.     The integrated offering involved seminars and meetings conducted in the United States (including Florida) and Antigua, West Indies. The integrated offering was conducted through the use of sales seminars, "road shows", and meetings directed at potential offerees and purchasers. These meetings took place in the United States (including Florida) and in Antigua.

d.     The integrated offering involved offers to thousands of offerees and purchases by thousands of offerees.  The integrated offering involved offers to, and purchases by, at least hundreds of Florida residents or those otherwise subject to Florida law.

e.     The aggregate size of the sales of CDs in the U.S. during this period was

6

in excess of $3 billion.  The aggregate size of the sales in Florida from this period was at least several hundred millions of dollars.

f.       Many of the offerees of the offering in Florida and elsewhere were not accredited investors; therefore the offering did not comply with the limitations on offers and sales to accredited investors under Regulation D and Chapter 517 of the Florida Act.

g.       The offering was made to investors with whom SIB had no pre-existing relationship, through brokers of an affiliate of SIB who were paid substantial and excessive undisclosed commissions in connection with the CDs.

### Pershing Participated and Aided in the Sale of Unregistered Securities

20.     As set forth above, by the end of 2008, SIB and SGC had sold approximately $8 billion in CDs by publicly advertising their safety and security, consistent double digit returns, and by fabricating reasons why these CDs yielded a return that greatly exceeded that of commercial bank CDs offered in the United States.

21.     At least hundreds of millions of dollars in CD purchases were made by class members through Pershing as SGC's clearing firm.

22.     Throughout the relevant time period, SGC "cleared" all of its business, including its Florida business, through Pershing pursuant to a fully disclosed clearing agreement.  In its capacity as a clearing agent, Pershing held all of the cash assets of SGC customers and all the securities of SGC customers.

23.     In order to effect the unregistered public offering of securities, SIB and SGC employed Pershing as their agent. Pershing, as the agent of SIB and SGC, actively and personally participated and aided in the sale of the unregistered CDs, and engaged in conduct

7

that induced purchasers to invest in CDs. Pershing's participation included, but is not limited to, the conduct described below.

24.     Pershing transferred billions of dollars from the securities accounts it maintained for U.S. customers of Stanford to SIB in order to effect the sale of CDs. Pershing transferred money from SGC customers and their accounts to SIB in Antigua, even though each of these thousands of wire transfers from a domestic account to an Antiguan bank for the purchase of a CD was highly unusual in and of itself.

25.     Pershing transferred funds from SGC customers' accounts for the purchase of CDs, and Pershing issued confirmations and statements to customers reflecting the transfer of such funds.

26.     Pershing also extended credit to customers to enable them to purchase CDs. Pershing provided loans and margin financing for Stanford customers to purchase CDs, and Pershing received interest on such loans.

27.     Pershing's participation and aid was motivated in part by a desire to serve its own financial interests, as well as the financial interests of SIB and its affiliated entities. Pershing profited from each CD sale because it received compensation from SGC for processing each CD purchase.

28.     Moreover, at all relevant times Pershing, a sophisticated and experienced broker-dealer, knew or should have known that the offering of SIB CDs through SGC was an illegal, unregistered public offering. Yet Pershing willingly lent its good name and reputation to enhance SIB's and SGC's appearance of legitimacy for the sake of protecting its exorbitant profits from sales of the unregistered CDs.

29.     Pershing, as clearing broker, had the responsibility to provide customers with the

8

prospectus filed with the SEC but it did not do so.   It knew or had reason to believe that the offering and the securities were improperly unregistered.

30.     Pershing was at all times aware that SIB was paying SGC and its brokers excessive compensation for the sale of the CDs, because Pershing maintained the brokerage accounts for these brokers and saw the commissions paid into such accounts.  SGC's brokers were paid an upfront and "trailing" fee in connection with the CDs which was well in excess of industry standards for commissions with respect to CDs.    These excessive commissions indicated, or should have indicated, to Pershing that SIB and SGC were engaged in an aggressive sales effort with respect to the CDs inconsistent with the limitations on such sales efforts for legitimate private placements pursuant to Florida law.

31.     As a registered broker-dealer and clearing firm, Pershing had an affirmative obligation under federal law to monitor SGC, and to identify and report any suspicious activity to the U.S. Treasury Department's Crimes Enforcement Network.  Pershing was required to file a "suspicious activity report" ("SAR") of any "possible violation of law or regulation," including any transaction Pershing "knows, suspects" or has reason to believe involves funds derived from an illegal activity. *See* 31 C.F.R. § 103.19(a)(2).

32.     Upon information and belief, Pershing expressed internal concerns with respect to the CD offering and the financial status of SIB and the authenticity and validity of the returns purportedly being paid on the CDs.

33.     Nonetheless, Pershing failed to timely file an SAR or otherwise inform regulatory authorities of what it knew or should have known to be an illegal unregistered sale of securities. Pershing's failure to act directly aided Stanford in its ability to continue to violate Florida securities laws over a period of many years through the continued sale of the CDs.

9

34. In short, the unlawful sales of securities could not have been made but for Pershing's participation and aid. Pershing played a necessary and critical role in the sale of the unregistered securities, which could not have occurred but for Pershing's conduct. Despite the numerous "red flags" related to the illegal sale of the CDs, Pershing looked the other way to preserve its lucrative stream of income from the sale of the CDs.

35. Pershing's participation and aid in an illegal offering of unregistered securities, that it knew or should have known to be illegal, required Pershing to exercise professional expertise and judgment.

36. In participating and aiding in an illegal offering of unregistered securities, Pershing acted beyond the scope of its ministerial and ordinary administrative functions as a clearing firm.

<u>Count I</u>
(Sale of Unregistered Securities)

37. Plaintiff re-alleges the allegations set forth in Paragraph 1 through 36, as if fully set forth herein.

38. This is a claim against Pershing for violations of Chapter 517 of the Florida Act arising from the sale of unregistered securities in the state of Florida. The offers of CDs to residents of Florida violated section 517.211, Florida Statutes, which provides a private right of action for violations of section 517.07, Florida Statutes.

39. Section 517.07 provides that "[i]t is unlawful and a violation of this chapter for any person to sell or offer to sell a security within this state" unless the security or transaction is "exempt" under Chapter 517, or unless the security is "registered pursuant to this chapter."

40. The CDs are securities as defined in section 517.021(21), Florida Statutes.

41. The CDs and CD transactions are not exempt from registration under the Act, nor

10

were the CDs properly registered as required.

42.     Section 517.211 renders jointly and severally liable each person making the sale "and every director, officer, partner or agent of or for the seller if the director, officer, partner or agent has personally participated or aided in making the sale."

43.     Pershing acted as an agent for the seller SIB and its affiliated entities, including SGC, and Pershing personally participated in and/or aided in the sale of CDs with knowledge that the offer was not exempt from Florida and federal registration requirements.

44.     Pursuant to section 517.211, Florida Statutes, Plaintiff and members of the class are entitled to recover recessionary damages or actual damages together with interest thereon.

WHEREFORE, Plaintiff respectfully requests judgment in their favor and against Pershing for: (a) recessionary damages; (b) compensatory damages; (c) pre-judgment interest; (d) attorneys' fees and costs pursuant to Chapter 517, Florida Statutes; and (e) such further relief as this Court deems just and proper.

**<ins>Jury Trial Demanded</ins>**

Plaintiff hereby demands trial by jury.

DATED this the 22nd day of July, 2009.

> **BEASLEY HAUSER KRAMER**
> **LEONARD & GALARDI, P.A.**
> 505 South Flagler Drive, Suite 1500
> West Palm Beach, Florida 33401
> Telephone: (561) 835-0900
> Facsimile: (561) 835-0939

By:        _____
           James W. Beasley, Jr.
           Florida Bar No. 145750

           -and-


           Lesley Blackner, Esquire
           Florida Bar No. 654043
           Blackner, Stone & Associates
           123 Australian Avenue
           Palm Beach, FL  33480
           (561)659-5754
           (561)659-3184 (fax)
           lblackner@aol.com

           Attorneys for Plaintiffs and the Class

12

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50 2009 CA 024830 XXXX MB AI

LYNNE TURK, individually, as Trustee
of the Lynne Caponera Revocable Trust,
and on behalf of all others similarly situated,

       Plaintiffs,

v.

PERSHING LLC, a Delaware limited
liability company,

       Defendant.

_____/

AGREED MOTION FOR ENLARGEMENT OF TIME
TO SERVE RESPONSE TO COMPLAINT

Defendant, Pershing LLC ("Pershing"), by undersigned counsel, moves this Court for an Order enlarging the time through and including August 31, 2009, within which Pershing may serve its response to the Complaint, and states:

1.     This action is a putative class action filed on behalf of all persons or entities resident in Florida or subject to Florida law who purchased Certificates of Deposit sold by Stanford Group Company ("Stanford") during the statute of limitation period applicable to claims alleged under the registration provisions of the Florida Securities Act, Florida Statute Sections 517.07, 517.211.

2.     Plaintiffs allege that they purchased Stanford International Bank Ltd certificates of deposit ("CD's") through Stanford Group Company, and that the CD's were part of a

Turk v. Pershing LLC
Case Number 50 2009 CA 024830 XXXX MB AI

fraudulent ponzi scheme that was carried out by Stanford Group Company and its affiliates through an unregistered public offering of the CD's.

3.      Defendant Pershing is a securities broker-dealer that provides securities clearing services to introducing financial services firms, including broker-dealers and registered investment advisors.   Prior to December 10, 2008, Pershing provided securities clearance services for Stanford International Bank, Ltd., through a fully disclosed clearing agreement.

4.      The Complaint alleges that Pershing is jointly and severally liable for the sales of the non-registered securities made by Stanford International Bank, Ltd.

5.      Defendant has not had sufficient time to investigate the allegations of the Complaint and to prepare a response to the Complaint and requires additional time in order to do so.

6.      Counsel for Plaintiffs has agreed to an extension of time through and including August 31, 2009, within which Defendant Pershing may serve its response to the Complaint.

7.      This motion is filed in good faith and not for the purposes of delay.

8.      Pershing LLC reserves all of its defenses to jurisdiction, venue, and all other defenses.

Wherefore, Defendant Pershing LLC respectfully requests that the Court enter an Order granting it an enlargement of time, through and including August 31, 2009, within which to serve its response to the Complaint.

2

Turk v. Pershing LLC
Case Number 50 2009 CA 024830 XXXX MB AI

Respectfully submitted,

FOWLER WHITE BURNETT P.A.
Attorneys for Pershing LLC
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 472-2326
Facsimile: (561) 802-9976

By: _____
Kathy M. Klock, Esquire
Florida Bar Number 348171

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by facsimile and mail to James W. Beasley, Jr., Beasley Hauser Kramer Leonard & Galardi, P.A., Co-Counsel for Plaintiffs, 505 South Flagler Drive, Suite 1500, West Palm Beach, Florida 33401; and Lesley Blackner, Esquire, Blackner, Stone & Associates, Co-Counsel for Plaintiffs, 123 Australian Avenue, Palm Beach, Florida 33480, this 7th day of August , 2009.

_____
Kathy M. Klock

3

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50 2009 CA 024830 XXXX MB AI

LYNNE TURK, individually, as Trustee
of the Lynne Caponera Revocable Trust,
and on behalf of all others similarly situated,

      Plaintiffs,

v.

PERSHING LLC, a Delaware limited
liability company,

      Defendant.

_____/

AGREED ORDER GRANTING DEFENDANT PERSHING LLC'S
MOTION FOR ENLARGEMENT OF TIME TO SERVE RESPONSE TO COMPLAINT

THIS CAUSE is before the Court on the Defendant's Motion for Enlargement of Time to

Serve its Response to the Complaint, and the Court having reviewed the motion, having

considered the agreement of Plaintiffs' counsel to the extension and the entry of this Order, and

having been otherwise fully advised in the premises, it is

ORDERED and ADJUDGED as follows:

1.     Defendant Pershing LLC's Motion for Enlargement of Time is granted;

2.     Defendant Pershing LLC shall have through and including August 31, 2009

within which to serve its response to the Complaint.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this _____

day of August, 2009.

**SIGNED AND DATED**

**AUG 1 0 2009**

_____
Edward A. Garrison    **JUDGE EDWARD A. GARRISON**
Circuit Court Judge

Copies furnished to those parties as shown on the attached Service List

Turk v. Pershing LLC
Case Number 50 2009 CA 024830 XXXX MB AI

## SERVICE LIST

Kathy M. Klock, Esquire
Fowler White Burnett, P.A.
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401

James W. Beasley, Jr., Esquire
Beasley Hauser Kramer Leonard & Galardi, P.A.
505 S. Flagler Drive, Suite 1500
West Palm Beach, Florida 33401

Lesley Blackner, Esquire
Blackner, Stone & Associates
123 Australian Avenue
Palm Beach, Florida 33480

2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50 2009 CA 024830 XXXX MB AI

LYNNE TURK, individually, as Trustee
of the Lynne Caponera Revocable Trust,
and on behalf of all others similarly situated,

        Plaintiffs,

v.

PERSHING LLC, a Delaware limited
liability company,

        Defendant.

_____/

NOTICE OF FILING NOTICE OF REMOVAL

      NOTICE IS HEREBY given that Defendant Pershing LLC, by undersigned counsel, has

removed this case from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach

County, Florida, to the United States District Court for the Southern District of Florida.  A copy

of the Notice of Removal is attached hereto and served with this Notice.

      Dated this _25ᵗʰ_ day of August, 2009.

                Respectfully submitted,

                FOWLER WHITE BURNETT, P.A.
                Attorneys for Pershing LLC
                901 Phillips Point West
                777 S. Flagler Drive
                West Palm Beach, Florida 33401
                Telephone:  (561) 472-2326
                Facsimile:  (561) 802-9976

                By: _____
                    Kathy M. Klock, Esquire
                    Florida Bar Number 348171

1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail to:  James W. Beasley, Jr., Beasley Hauser Kramer Leonard & Galardi, P.A., Co-Counsel for Plaintiffs, 505 South Flagler Drive, Suite 1500, West Palm Beach, Florida 33401; and Lesley Blackner, Esquire, Blackner, Stone & Associates, Co-Counsel for Plaintiffs, 123 Australian Avenue, Palm Beach, Florida 33480, this 25th day of August, 2009.

Kathy M. Klock

2

# EXHIBIT   B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

```
-------------------------------------------------x
LYNNE TURK, individually, As            :
Trustee of the Lynne Caponera          :
Revocable Trust, and on behalf of all  :   Case No. _____
others similarly situated,             :
                                       :
                 Plaintiff,            :
          v.                           :
                                       :
PERSHING LLC, a Delaware limited       :
liability company                      :
                                       :
                 Defendant.            :
                                       :
                                       :
                                       :
                                       :
-------------------------------------------------x
```

## AFFIDAVIT OF JACQUELINE CAREW

STATE OF NEW JERSEY   )
                                  : ss.
COUNTY OF HUDSON   )

   Jacqueline Carew, being duly sworn, deposes and says:

   1.   I am employed by Pershing LLC ("Pershing") as a Legal Assistant in Pershing's Legal Department.

   2.   I joined Pershing in June 2007.

   3.   I have reviewed certain Pershing records relating to Lynn Turk including a letter of authorization from Ms. Turk, dated January 12, 2007, authorizing a wire transfer for $250,000 to Stanford International Bank Ltd. via Bank of America.

4.     I have also reviewed Ms. Turk's monthly account statement for January 2007, which confirms the transfer of $250,000 on January 16, 2007.

Jacqueline Carew

Sworn to before me this
24 day of *August* 2009

Notary Public

**MARiLYN PICOT**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 7/21/2013**

-2-

**JS 44** (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Ca**

**August 25, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ELECTRONIC

D.C.

### I. (a) PLAINTIFFS

Lynne Turk, individually, as Trustee of the Lynne Caponera Revocable Trust, and on behalf of all others similarly situated

### DEFENDANTS

Pershing LLC, a Delaware limited liability

**(b)** County of Residence of First Listed Plaintiff **Palm Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

James W. Beasley, Jr., Esq., Beasley Hauser Kramer, et al., 505 S. Flagler Dr., #1500, West Palm Beach, FL 33401, (561) 835-0900; Lesley Blackner, Esq., Blackner, Stone & Assocs., 123 Australian Ave., Palm Beach, FL 33480 (561) 659-5754

Attorneys (If Known)

Kathy M. Klock, Esq., Fowler White Burnett, 777 S. Flagler Dr. #901W., West Palm Beach, FL 33401, (561) 472-2326

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

09CV 81236 KAM/LRS

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☑ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Detainee | | ☐ 950 Constitutionality of State |
| | Other | | ☐ 465 Other Immigration | | Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page): a) Re-filed Case ☐ YES ☑ NO  b) Related Cases ☐ YES ☑ NO

JUDGE _____ DOCKET NUMBER _____

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. §§1332, 1441, 1446, and 1453. Removal of putative class action that asserts a claim for the sale of unregistered securities in violation of Florida securities law. Florida Statutes Section 517.211.

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____ FOWLER WHITE BURNETT P.A.

DATE AUGUST 25, 2009

FOR OFFICE USE ONLY
AMOUNT **350** RECEIPT # **724236** IFP